SMYTHE (CHAPON v.). See Case No. 2,-611.

---

## Case No. 13,135.

### SMYTHE v. CHICAGO & S. R. CO. et al.

[11 Chi. Leg. News, 407; 8 Reporter, 709.] [2]

Circuit Court, N. D. Illinois. Sept., 1879.

RAILROAD COMPANY — LIEN OF CONTRACTOR—
MORTGAGEE'S RIGHTS—PRIORITIES.

[1. The C. Ry. Co., having the right to construct a railroad about 20 miles in length, made a deed of trust, under which certain bonds were issued, and, after grading about 12 miles of road, abandoned operations for want of funds. The S. Ry. Co. acquired a right to build a road over substantially the same route, and completed such road, using the grading done by the C. Ry. Co. It also acquired a license for the road to enter the city of C., which greatly enhanced its value. The C. Ry. Co. made a mortgage on the whole road, and issued bonds thereunder. One B., who had built the road, was adjudged to have a first lien on the whole line. Held, that the lien of the bonds issued by the C. Ry. Co. attached only upon the grading actually done by that company, and, as the greater part of the value of the 12 miles of road so graded had been added to it by the work subsequently done, the holders of the C. Ry. Co. bonds were not entitled to require B. to satisfy his lien out of the remaining part of the road, on the ground that he had recourse to two securities, only one of which was liable to such bondholders.

[2. Held, further, that the holders of the bonds issued by the C. Ry. Co. were not entitled

---

[1] [Reported by A. J. Dallas, Esq.]

[2] [8 Reporter, 709, contains only a partial report.]

to share in the enhanced value of the road given by the license procured by the S. Co., but that, in distributing the proceeds of sale of the road, the value of such license should be credited entirely to the part of the road constructed by the S. Co.]

In equity.

Lawrence, Campbell & Lawrence, for complainant.

Cooper, Packard & Gurley, for defendants.

DRUMMOND, Circuit Judge. In 1873, the Chicago, Danville & Vincennes Railway Company, having the right to construct a railway from Chicago to Thornton (a distance of about 20 $1/5$ miles), executed a deed of trust, under which certain bonds were issued, of which Loewenthall, one of the defendants, owns forty, of $1,000 each. After the execution of this deed of trust, the C., D. & V. Railway Company in that year graded twelve miles of the road, and then was obliged to abandon its further construction on account of want of funds. The Chicago & Southern Railroad Company was organized in 1874 to construct a road, over substantially the same route, and, in doing so, took possession of and used the grading, which was done in 1873 by the C., D. & V. Railway Company. John B. Brown was the contractor of the Chicago & Southern Railroad Company, and, it is conceded, was entitled to the first lien on the whole line of road, the Loewenthall bonds being claimed to be a lien on the twelve miles, subject only to Brown's lien. There was litigation in the state court, before this bill was filed, as to the rights of these parties, in which, among other things, Brown sought to enforce his prior equities. By a decree of the state court, he was adjudged to have a first lien on the entire railroad for the amount due to him. It was also decided that Loewenthall's forty bonds, and any other bonds given under his deed of trust, were a lien upon the twelve miles already graded by the C., D. & V. Railway Company, subject to the lien of Brown, and that the rights of the Chicago & Southern Railroad Company, and [Henry A.] Smythe, the plaintiff in this case, were subsequent in equity to the rights of Brown and Loewenthall. The plaintiff in this suit files a bill as the trustee of certain overdue bonds, issued on the first day of April, 1874, and under a deed of trust by the C. & S. R. R. Co. on the whole road from Chicago to Thornton. The litigation is still pending by appeal to the supreme court of the state, between the plaintiff and Loewenthall, or those who claim under him, as to his right to a lien, as against the claim of the plaintiff here to the twelve miles of road graded by the C., D. & V. Company. On the 30th of March, 1878, Brown filed an intervening petition in this case, asking that the receiver, in whose possession the property had been placed, be required to sell the same, and that the money be brought into court, and his lien first paid. Upon this petition,

an order was made by this court, directing the receiver to sell the whole road, that Brown's lien might be paid, and the remainder of the purchase money brought into court, subject to the equities of the various parties. The road was sold for $155,050.00.

The case was referred to the master to take the proofs and report to the court the relative value of the twelve miles covered by the Loewenthall decree and of the balance of the road, and the master has made and filed his report, in which he finds that the property was sold for its fair value; that the claim of Brown had been paid, and costs, and other items, amounting in all to $50,538.64, leaving a balance of the purchase money of $104,511.36. He also reports that the value of the twelve miles covered by the Loewenthall decree was 39.4 per cent. of the value of the whole property sold, and that part of the balance should be held instead of the twelve miles of road, to await the final disposition of the Loewenthall decree; leaving 60.6 per cent. of the whole as the value of the remainder of the property and franchise sold. To this report various exceptions have been taken by the parties in interest, under which the controversy arises.

It perhaps ought to be stated, that in October, 1874, the common council of the city of Chicago passed an ordinance giving permission and authorizing the Chicago & Southern Railroad Company to come into the city of Chicago with its road, and it is claimed by some of the counsel that this permission was an important element in the value of the property, and enhanced the price for which it was sold.

The principal objections made to the master's report are, first, that he subjected the twelve miles of railroad, upon which the Loewenthall decree was a lien, to the payment of the amount due to Brown, whereas, that amount should have been paid out of the proceeds of that part of the railroad on which Loewenthall had no lien; and, secondly, that the master erred in deducting from the proceeds of the sale a large sum as the value of the authority or license granted by the common council of the city of Chicago, to the Chicago & Southern Railroad Company, and credited that amount to the proceeds of the eight miles of road not covered by the lien of Loewenthall.

As the parties now before the court were also parties to the litigation in the state court, we must assume that the decree of the state court, until reversed by the supreme court, is binding, and so concludes the plaintiff in this case. As I understand, the counsel, who except to the master's report, claim that the distribution of the funds arising from the sale should be made upon principles which have been long settled in courts of equity; that where there are two funds on which one party has a lien, and another party had a lien on one of the funds only for another debt, the latter has a right to compel the former to resort to the other fund in the first instance for satisfaction, whenever it will not operate to the prejudice of the party entitled to the double fund; and where there is a lien upon an entire tract of land, as by a mortgage, and then a part of the land is sold by the mortgagor, it is the right of the purchaser to have that part of the land still remaining in the mortgagor first sold to satisfy the lien. If these principles apply to this case, then the objections to the master's report ought to be sustained; and the question is whether they are applicable under the facts of the case.

As I understand, it is claimed that the price paid for the road should be averaged upon each mile of the whole road. That being done, and the state court having decided that Brown had the first lien upon the whole line of road, it is insisted his claim should be satisfied out of that part of the road upon which Loewenthall has no lien. Let us recur to the facts of this case. The Chicago, Danville & Vincennes Railway Company made the deed of trust under which Loewenthall claims, and in the bill which he filed in the state court, and under which, with other pleadings, the decree of the state court was made, alleged that the company had only expended about $15,000.00 in grading the road, and had then abandoned it; so that in equity the only fund upon which that deed of trust could attach was the grading and appendages which had been done. When the Chicago & Southern Railroad Company was organized, it proceeded to build the whole line of road, with the grading, bridging, culverts, ties, iron, and all the necessary material to make it a finished railroad. It is true the state court has found that Brown had a lien upon the whole road; though it does not appear whether he was the contractor under which the twelve miles were graded by the C. D. & V. Railway Company. He was the contractor under which the remainder of the road was finished, and perhaps it is not important whether he was for both companies or not, as the court decided he had a lien upon the whole road, and it is conceded by parties to the litigation now before this court that his lien was prior to that of all others. Then it is plain that the Chicago & Southern Railroad Company contributed much the greater portion of expenditure to the line of railroad, and when it executed its deed of trust, under which the plaintiff in this case claims, as against the prior deed of trust, the property given as security was of much greater value. It seems that it would hardly be fair, if there were any enhanced value put upon the property by the license given to the Chicago & Southern Railroad Company, to construct its line of road within the city, to consider it as a part of the property belonging to the Chicago, Danville & Vincennes Railway Company and covered by the deed of trust given by that company. For, if there is any increased value added to the road by that li-

cense, in equity it apparently ought to attach to the Chicago & Southern Railroad Company, and to the deed of trust given by that company as a security to its creditors. So that, in view of these facts, I do not see how it is possible to apply the principle of equity referred to by the counsel of Loewenthall to this case. Clearly, such principles ought not to be applied unless in furtherance of the equity of the parties. It may be admitted, if the C., D. & V. Railway Company had completed the twenty and one-fifth miles of the road, the deed of trust given by it would have covered the whole, but it is difficult to understand how the completion, by another and independent company, even though it utilized the part already graded, could bring within the scope of the deed of trust more than the value of the work done and expenditure made by the C., D. & V. Railway Company. unless, indeed, the other company assumed or was bound by its obligations or duties, of which we have no evidence; and it cannot be said that the user in this case so operated per se.

It is urged that the decree of the state court made the deed of trust of the C., D. & V. Railway Company a lien on the twelve miles, with all the easements and appurtenances thereto belonging; but I can hardly suppose that this means that it brought within its compass every expenditure that had been put on the twelve miles by the Chicago & Southern Railroad Company; after the other company had abandoned the work, and never resumed it. And even if that is the true construction of the decree in the state court, I should hardly be prepared to hold, under the evidence taken by the master, that the creditors under the first deed of trust are entitled to a greater proportion of the fund in court than that found by him. If, also, it be admitted that the plaintiff in this case and Brown had a common lien with different priorities, on the whole line of road,—the same property,—still it is true that the lien of this plaintiff and of Loewenthall was created by different deeds of trust, and that the liens of the plaintiff and Brown and of Loewenthall did not operate, though with different priorities, on the same common fund or property, and for these reasons it would seem that the claim of distribution made by the counsel of Loewenthall cannot be maintained.

In this case the plaintiff makes no objection to the report of the master as to the distribution which he reports of the funds arising from the sale, and therefore it is unnecessary to decide whether or not the principle upon which he proceeded was in all respects sound. It is sufficient to say that the plaintiff is willing to acquiesce in the distribution recommended by the master; and it seems clear to me that he is the only party who can complain, and that it is not such a case as authorizes the parties claiming under the deed of trust given by the C. D. & V. Rail-

way Company, to object to the proportion allowed by the master.

Under the statement of facts which has been made, and the equities which attach to the parties respectively, it seems as though, in confirming the master's report, the creditors under the deed of trust given by the C., D. & V. Railway Co. receive all to which, under any fair consideration of the case, they are entitled.

---

SMYTHE (DALLETT v.). See Case No. 3,-545.

SMYTHE (DAVIDSON v.). See Case No. 3,-604.

SMYTHE (FISKE v.). See Case No. 4,833.

SMYTHE (HALLET v.). See Case No. 5,959.

SMYTHE (LATTIMER v.). See Case No. 8,523.

SMYTHE (LEWIS v.). See Case No. 8.333.

SMYTHE (LOTTIMER v.). See Case No. 8,523.

SMYTHE (REICHE v.). See Case No. 11,-666.

SMYTHE (WOLF v.). See Case No. 17,928.

SMYZER v. The MINNIE. See Case No. 9,-117.